# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AVCO CORPORATION, | : | 10-cv-2026 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| MARVEL-SCHEBLER AIRCRAFT CARBURETORS, LLC, | : | |
| Defendant. | : | |

## MEMORANDUM & ORDER

### February 7, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court in this Declaratory Judgment action is Defendant Marvel-Schebler Aircraft Carburetors, LLC's ("MSA" or "Defendant") Motion to Dismiss the Complaint or, in the alternative, Transfer Venue ("the Motion"). (Doc. 6.) Defendant filed the Motion on October 25, 2010 and a Brief in Support thereof (Doc. 15) on November 4, 2010. Plaintiff AVCO Corporation ("AVCO" or "Plaintiff") filed its Brief in Opposition (Doc. 18) on November 24, 2010, and Defendant filed its Reply on December 7, 2010 (Doc. 20). Defendant filed, with leave, a Supplement on January 14, 2011 (Doc. 32), to which Plaintiff replied on January 18, 2011 (Doc. 34). Accordingly, the Motion is ripe for disposition.

1

## II. BACKGROUND[1]

The following background facts and all reasonable inferences taken therefrom are viewed in the light most favorable to Plaintiff as the non-moving party.

Plaintiff, through its Lycoming Engine Division, is a manufacturer of aircraft engines, with a facility in Williamsport, Pennsylvania. Defendant, a company organized and located in North Carolina, was formed in 2008 to acquire the carburetor assets of Precision Airmotive Corporation. Since Defendant acquired these assets, it has sold to Plaintiff's Lycoming Engine Division carburetors of various types that are the subject of this action, namely Model Numbers MA-3PA, MA-3SPA, MA-4-5, MA-4SPA, and HA-6 ("the Model Numbers"). At some point, Plaintiff began purchasing carburetors that use the same Model Number designations from an alternative supplier, AVStar Fuel Systems, Inc. ("AVStar").

MSA alleges that the Model Numbers are trademarked, while AVCO maintains that the Model Numbers are merely common and generic terms that are used in common parlance to describe the flange and bore sizes of carburetors in a

---

[1]The Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201. Supplemental jurisdiction over Plaintiff's non-federal claims is proper pursuant to 28 U.S.C. § 1367.

manner that relates to the industry standards. Defendant did, indeed, apply for a trademark to register the Model Numbers with the U.S. Patent and Trademark Office ("USPTO") in January, 2010, and the applications were published in June, 2010. MSA filed an infringement action against AVStar in the United States District Court for the Middle District of North Carolina, and asserted claims under the Lanham Act and North Carolina state laws related to AVStar's labeling of carburetors with the Model Numbers ("the AVStar Action"). AVStar began bankruptcy proceedings in United States Bankruptcy Court for the Southern District of Florida in May, 2010, and MSA intervened in the Bankruptcy Action to file a Complaint similar to the AVStar Action ("the Bankruptcy Action").

During the course of the Bankruptcy Action, MSA and AVCO entered into discussions regarding a potential settlement and, apparently, each party was preparing to file related actions. A telephonic settlement conference was scheduled on September 29, 2010. Defendant filed an affirmative infringement action earlier that same afternoon in the Middle District of North Carolina ("the North Carolina Action"). The telephone settlement conference was unsuccessful, and Plaintiff filed the instant action shortly thereafter on the same date. Neither party indicated to the other that it was preparing to file the subject actions. (Doc. 1.)

Plaintiff thus initiated the instant action by filing a Complaint for Declaratory Relief (Doc. 1) on September 29, 2010.  Plaintiff seeks a declaration that the use of the Model Numbers does not violate 15 U.S.C. § 1125 because the terms are descriptors of functional aspects of carburetors rather than protectable trademarks.  In response, Defendant filed the instant Motion to Dismiss or Transfer, alleging that the Court should exercise its discretion under 28 U.S.C. § 2201 to decline the instant action and either dismiss the action or transfer it to the Middle District of North Carolina, where the affirmative action for trademark infringement is currently pending.

Defendant notified the Court in its January 14, 2011 Supplemental Brief (Doc. 32) that, pursuant to MSA's Motion for Abstention in the Bankruptcy Case, the District Court for the Southern District of Florida relinquished jurisdiction over the adversary proceeding and lifted the automatic stay over the AVStar Action that was initiated when the bankruptcy proceedings began.  Thus, the Middle District of North Carolina now has two pending related cases – the action against AVStar and the action against AVCO.

## III.  DISCUSSION

In support of the Motion, MSA requests that the Court dismiss the action because of the "first-to-file" rule or transfer the action to the Middle District of

North Carolina because it is a more convenient forum in light of the action that is already pending there. AVCO argues that application of the first-to-file rule is inapt because of MSA's alleged bad faith in filing the action in North Carolina and because the instant litigation has developed further than the North Carolina Action. Further, AVCO argues that the balances of conveniences favors litigation in Pennsylvania, and thus transfer would be in appropriate.

The first-to-file rule is a principal promoting sound administration and comity that was long ago adopted in the Third Circuit, and advises that, "in all cases of concurrent federal jurisdiction, the court which first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941) (quoting *Smith v. M'Iver*, 22 U.S. (9 Wheat.) 532 (1824)). This rule is applied in instances in which more than one action involves the same parties and same issues, and is applied to ensure that litigants "have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals." *EEOC v. University of Pennsylvania*, 850 F.2d 969, 974 (3d Cir. 1988). Unusual circumstances, however, can warrant a departure from the rule. Thus, when deciding to retain or relinquish jurisdiction over the later-filed action, a district court should consider whether circumstances such as bad faith, forum shopping, or inequitable conduct

5

are present.

Plaintiff asserts that the first-filed rule is inapplicable, or the propriety of its application is at least dubious, because both cases were filed on the same day, and we tend to agree. Though MSA was, in fact, the first to institute litigation, that filing was merely hours before AVCO filed this action. The rule is intended to promote sound judicial administration rather than invite races to the courthouse, and, because we also find cause to grant the Motion on other grounds, we will not risk vindicating suspect attempts at gaining a tactical advantage. Our inquiry does not end at this point, however, because we must consider in the alternative whether this action should be appropriately transferred pursuant to 28 U.S.C. § 1404(a) to the Middle District of North Carolina, which as noted is where the affirmative infringement action is currently pending.

Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, the party moving to transfer venue has the burden of demonstrating that: (1) venue is appropriate in the transferee district; and (2) the transfer is in the interests of justice, considering the balance of conveniences while keeping in mind that a plaintiff's choice of forum "should not be lightly disturbed". *See Jumara v. State*

*Farm Ins. Co.*, 55 F.3d 873, 878-79 (3d Cir. 1995). In addition to the three factors enumerated in § 1404(a) (convenience of the parties, convenience of the witnesses, and interests of justice), courts consider many variants of the interests enumerated, such as the plaintiff's forum preference, the defendant's forum preference, in what venue the claim arose, the location of the evidence (where the files could not physically be produced in an alternate forum), the enforceability of the judgment, and "practical considerations that could make trial easy, expeditious, or inexpensive." *Id.*

Various interests in this action compel us to depart from the general rule regarding a plaintiff's choice of venue and find that transfer to the Middle District of North Carolina is appropriate. Judicial economy is best served by transfer to the district where the action for affirmative relief is now pending for two reasons. First, it will provide a safeguard against conflicting resolutions of the same legal issue. Second, upon transfer, the two actions may be collapsed into the infringement action, thus saving both the parties and the court system the expense of twice litigating the same issue. We recognize that this district may be the most convenient forum for plaintiff and at least some of the witnesses; however, requiring AVCO to litigate their declaratory action in the Middle District of North Carolina while defending against the infringement action presents no issue of

7

hardship, because AVCO will be required to litigate in the distant forum regardless.

## IV. CONCLUSION

For the reasons articulated above, we find that dismissal pursuant to the first-to-file rule is inappropriate, and thus deny MSA's Motion (Doc. 6) on those grounds. Nonetheless, we find that a transfer best serves the convenience of the parties and the witnesses and the interests of justice pursuant to 28 U.S.C. § 1404(a) and, therefore, grant MSA's Motion to Transfer (Doc. 6). The Court shall transfer this action to the Middle District of North Carolina where the related actions are presently pending.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Defendant Martin-Schebler Aircraft Carburetors, LLC's Motion to Dismiss or Transfer (Doc. 6) is **GRANTED IN PART** and **DENIED IN PART** to the following extent:

    a. Defendant's Motion to Dismiss the Complaint is **DENIED**;

    b. Defendant's Motion to Transfer venue to the United States District Court for the Middle District of North Carolina is **GRANTED**;

2. The Clerk **SHALL TRANSFER** this action to the District Court for

the Middle District of North Carolina.

                                      <u>s/ John E. Jones III</u>
                                      John E. Jones III
                                      United States District Judge